SUALUA TUI MASANIAI, of Vatia; SEFULU T. AUMOEUA-LOGO, of Nuuuli; and KENISELI M. TUAOI, of Pago Pago; Objectors

v.

MAUI'A AUMOEUALOGO, of Aoa, Applicant

No. 209-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Aumoeualogo" of Aoa]

September 24, 1965

Moreli Alapa, Counsel for Sualua.
Tuia, Counsel for Sefulu.
Keniseli, *pro se.*
Salanoa, Counsel for Maui'a.

ROEL, *Associate Justice*.

On July 12, 1965, Maui'a Aumoeualogo, hereinafter referred to as Applicant, filed his application with the Clerk of the High Court to be registered as the holder of the matai title Aumoeualogo, attached to the village of Aoa. Sualua, Sefulu, and Keniseli filed their objections on August 12, 1965, August 12, 1965, and August 13, 1965, respectively. Each of these three objectors claimed to have a better right to the title than the Applicant. This resulted in the Applicant and each of the three objectors becoming candidates for the Aumoeualogo title.

After considering the testimony and the evidence regarding the basic qualification under Section 6.0101 of the Code, it is the unanimous opinion of this Court that the Applicant and each of the three objectors are eligible under said section to be considered as the holder of a matai title.

After considering the testimony and the evidence, it is the unanimous opinion of this Court, and we so hold, that Objector Sefulu and Applicant Maui'a each have $1/2$ Aumoeualogo hereditary right, and that Objectors Sualua and Keniseli each have $1/8$ Aumoeualogo hereditary right. Accordingly we hold that Sefulu and Maui'a, each having $1/2$ hereditary right prevail over Sualua and Keniseli on this issue, and that Sefulu and Maui'a rank equally on the issue of hereditary right.

In connection with the second issue regarding the wish of the majority or plurality of the clans as customary in the family, it is the opinion of this Court that the testimony and the evidence failed to clearly establish which of the four candidates had the support of the majority or plurality of the clans, or even which were the customary clans in the family. Each candidate variously placed the number of

clans at 1, 5, 6, and 2. Aside from differing on the number of clans in the family they also had different names for the clans. It is the opinion of this Court, and we so hold, that none of the four candidates herein had the support of the majority or plurality of the clans as customary in the Aumoeualogo Family. At any rate the Court can clearly arrive at the candidate best qualified to hold the title without deciding this issue of clans. Accordingly, the Court is disregarding this second issue in arriving at its decision. Nevertheless, this is only one more instance where the statute dealing with Matai Titles has for a long time cried out for a definition and clarification of the word "clan" on the part of the legislature.

After considering the testimony, evidence, and argument, and taking into consideration the demeanor, personality, presence of mind, the clarity, speed, and correctness with which the answers were given, the self-assurance and other qualities reflected from the speech and behavior of the candidates, this Court is of the unanimous opinion that Applicant Maui'a ranks first on the third consideration under Section 6.0107 of the Code on the issue of forcefulness, character, personality, and knowledge of Samoan customs. It is the opinion of the Court that candidate Sefulu ranks second, candidate Keniseli ranks third, and candidate Sualua ranks fourth in this same issue. Accordingly, we hold that Maui'a prevails over each of the other three candidates on the issue of forcefulness, character, personality, and knowledge of Samoan customs.

It is further the unanimous opinion of this Court, after considering the testimony and the evidence, that Applicant, Maui'a, ranks first on the fourth consideration under Section 6.0107 of the Code on the issue of the value of the holder of the title to the family, the village, and the country. The Court further finds that candidates Sefulu, Keniseli, and Sualua, rank second, third, and fourth respec-

tively on this issue. Accordingly, we hold that Applicant, Maui'a, prevails over the other three candidates on the fourth issue regarding the value of the title holder to the family, the village, and the country.

Since we find that Applicant Maui'a ranks first in the third and fourth issues, and that he ranks equally with Sefulu on the 1st issue of hereditary right, it follows that the Applicant, Maui'a Aumoeualogo should be registered as the holder of the matai title Aumoeualogo, attached to the village of Aoa.

Accordingly, it is the unanimous decision of this Court, and it is hereby ORDERED, ADJUDGED AND DE-CREED that Maui'a Aumoeualogo be registered as the holder of the matai title Aumoeualogo attached to the village of Aoa, upon his resignation from any matai title he may presently hold within three weeks from the date of this decree, which is September 24, 1965.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $27.00 are hereby assessed against the three objectors, Sualua, Sefulu, and Keniseli, each to pay the amount of $9.00 within 30 days.